UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MID-CENTURY INSURANCE COMPANY,
as Subrogee of Dwight Mills,

        Plaintiff,

v.                                      Civil No. 2:18cv459

STACEY EARL THOMPSON,

        Defendant.

## MEMORANDUM OPINION

This matter is before the court on a motion to set aside default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(1), (4), and (6) filed by defendant Stacey Earl Thompson[1] ("Defendant"). Def.'s Mot., ECF No. 14. For the reasons stated below, the Court **TAKES UNDER ADVISEMENT** Defendant's motion.

### I. BACKGROUND

On March 22, 2019, this Court granted an unopposed motion for default judgment that had been filed by plaintiff Mid-Century Insurance Company, as subrogee of Dwight Mills ("Plaintiff"). Order, ECF No. 14. In granting the motion for default judgment, the Court found that Plaintiff adequately alleged that Defendant

---

[1] Although the Complaint and other filings spell Defendant's name "Stacy," Defendant's motion notes that the proper spelling is "Stacey." Def.'s Mot., ECF No. 14. "Stacey" is consistent with the spelling noted in the affidavit of the process server, thus the Court will spell Defendant's first name "Stacey." See Aff. of Process Server, ECF No. 6.

negligently started a fire with a cigarette in Dwight Mills's ("Mr. Mills") home. Order 5. Because Plaintiff, as Mr. Mill's property insurer, paid Mr. Mills for the damage caused by the fire, the Court ordered Defendant to pay Plaintiff $176,564.81, the amount that Plaintiff paid for the fire damage. Order 6.

On May 17, 2019, Defendant filed a motion to set aside default judgment, Def.'s Mot., ECF No. 14, and a memorandum in support, Def.'s Memo., ECF No. 15, arguing that Plaintiff improperly served Defendant, who claims he is incompetent for service because he suffers from dementia (or other cognitive disorder) and poor eyesight and who, before the fire, had signed a power of attorney in favor of his daughter, who happens to be Mr. Mills's wife ("Mrs. Mills"). Plaintiff responded in opposition on May 31, 2019. ECF No. 16. Defendant replied on June 5, 2019. ECF No. 17. Having been fully briefed, this matter is now ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 60(b) permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A court's analysis of a Rule 60(b) motion proceeds in two stages. First, a court considers whether the movant has met three threshold conditions: "'a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" Nat'l Credit Union

Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quoting Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)); see also Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (citing Nat'l Credit Union, 1 F.3d at 264).[2] Once a movant has demonstrated the three threshold requirements, Federal Rule of Civil Procedure 60(b) lists the grounds under which a court may grant relief from a final judgment. Nat'l Credit Union, 1 F.3d at 266. These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added). The party seeking relief under Rule 60(b) "must clearly establish the grounds therefor to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton

---

[2] The Fourth Circuit has also noted a fourth threshold showing, "exceptional circumstances," in some instances. Nat'l Credit Union, 1 F.3d at 264 (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see also Ebersole v. Kline-Perry, 292 F.R.D. 316, 320 (E.D. Va. 2013) (quoting Compton, 608 F.2d at 102). To determine whether such exceptional relief is appropriate, the court "must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]ll the facts.'" Compton, 608 F.2d at 102 (alteration in original) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)).[3]

The Fourth Circuit has held that a motion under Rule 60(b) is addressed to the sound discretion of the trial judge and will not be disturbed on appeal save for a showing of abuse. See Aikens, 652 F.3d at 501. "However, where default judgments are at issue, over the years [the Fourth Circuit] has taken an increasingly liberal view of Rule 60(b) . . . ." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988);

---

[3] Defendant filed his motion pursuant to Rule 55(c) as well as Rule 60(b). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Because a final default judgment has been entered by the Court in this case, rather than just an entry of default by the clerk's office, the instant motion is properly considered under the standard set forth in Rule 60(b). According to the Fourth Circuit, "Rule 60(b) motions request relief from judgment, which implicates an interest in 'finality and repose,' a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered. Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s 'excusable neglect' standard is a more onerous standard than Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." Colleton Preparatory Acad., Inc. v. Hoover Universal, 616 F.3d 413, 420-21 (4th Cir. 2010) (internal citations omitted).

see also Charles Alan Wright & Arthur R. Miller, 11 Federal Practice & Procedure § 2857 (3d ed. 2012) (noting that "[t]he cases calling for great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments. There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits."). This is so because "default judgments pit the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket." Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997) (citing Augusta, 843 F.2d at 811). Nonetheless, in considering a Rule 60(b) motion to set aside a default judgment, "'[w]hen the party is at fault, the [court's interest in finality and efficiency] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect.'" Id. (alterations in original) (quoting Augusta, 843 F.2d at 811).

### III. DISCUSSION

#### A. Rule 60(b)(4)[4]

Rule 60(b)(4) provides that the Court may "[o]n motion and just terms, . . . relieve a party . . . from a final judgment . . .

---

[4] Although Defendant addresses Rules 60(b)(1) and (4) together, the Court will address Rule 60(b)(4) first because, if the requirements are satisfied, the judgment is void.

5

for the following reason[]: the judgment is void." Fed. R. Civ. P. 60(b)(4). Although Rule 60 is phrased in permissive terms, a court does not have discretion to refuse to vacate a void judgment. See, e.g., Philos Techs., Inc. v. Philos & D, Inc., 645 F.3d 851, 855 (7th Cir. 2011); see also 11 Charles Alan Wright & Arthur R. Miller, 11 Federal Practice & Procedure § 2682 (3d ed. 2012). Moreover, unlike other motions under Rule 60(b), a party may seek to set aside a void judgment even years after the court has entered such judgment. See, e.g., Philos, 645 F.3d at 857 (citations omitted) (stating that a "collateral challenge to jurisdiction can be brought at any time"). Similarly, to prevail on a Rule 60(b)(4) motion, the movant need not establish the existence of a meritorious defense. Bludworth Bond Shipyard Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir. 1988) (noting that a court must set aside a void judgment under Rule 60(b)(4) regardless whether the movant has a meritorious defense); 12 James Wm. Moore et al., Moore's Federal Practice, § 60.44[5][b]; 11 Wright & Miller, supra, § 2862.

For the purposes of Rule 60(b)(4), a judgment is void "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citing Eberhart v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)). However, courts "narrowly construe

the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Id. at 412-13 (citations omitted). Nonetheless, a judgment is void when a court enters it without personal jurisdiction over a defendant because such defendant was not validly served with process. Armco v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("Since there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void.").

Although the Fourth Circuit has not addressed the issue, other courts of appeals have split on which party has the burden of proof of establishing, for the purposes of a Rule 60(b)(4) motion, that a court lacked personal jurisdiction to enter a default judgment. See Arpaio v. Dupre, 527 F. App'x 108, 113 n. 4 (3d Cir. 2013) (unpublished) (noting a circuit split on the issue). Some courts of appeals have held that "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." SEC v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1163 (9th Cir. 2007); Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005); Bally

7

Exp. Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986). On the other hand, at least one court of appeals has held that a plaintiff maintains the burden of proving that personal jurisdiction is present, even under Rule 60(b)(4). Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009); cf. Arpaio, 527 F. App'x at 113 & n.4 (placing burden on plaintiff but noting that the parties had not raised the burden of proof issue in the district court). However, as a general principle, "'[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" Homer v. Jones-Bey, 415 F.3d 748, 752 (7th Cir. 2005) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).[5] Therefore, in the context of Rule 60(b)(4), regardless whether the plaintiff bears the burden of proof of demonstrating sufficient service of process to establish personal jurisdiction over a defendant, once the plaintiff has submitted a signed return of service, the burden of going forward shifts to the defendant to present evidence to rebut the prima facie showing and demonstrate that he did not receive valid service of process.

---

[5] Accord Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008) (citations omitted); see also 1 Moore et al., supra, § 4.103 (stating that "[w]hether filed by a marshal or by the server, proof of service filed with the court establishes prima facie evidence that service was properly made."); 4B Wright & Miller, supra, § 1130 (3d ed. 2002 & Supp. 2014) (stating that "[a]lthough the return of service of the summons and the complaint is strong evidence of the facts stated therein, it is not conclusive and may be controverted upon a showing that the return is inaccurate."); 5B id. § 1353 (3d ed. 2004).

In this case, Plaintiff has submitted prima facie evidence that Defendant was properly served with process: an affidavit of the process server who personally served Defendant on November 8, 2018 in North Carolina where Defendant resided. See Aff. of Process Server, ECF No. 6. Plaintiff also submitted an affidavit of the paralegal who arranged service with the North Carolina State Veterans Home where Defendant was living as well as a portion of the paralegal's email exchange arranging service with a social worker at the veterans home. Pl.'s Ex. A, ECF No. 16-1. Such evidence amounts to prima facie evidence that Defendant was properly served in accordance with Federal Rule of Civil Procedure 4.

In his papers, Defendant alleges that he was not validly served with process because he was incompetent since he "suffers from dementia or other cognitive disorder and poor eyesight and he is unable able to take care of himself." Def.'s Memo 2. If Defendant was incompetent at the time of service, he would have had to have been served in accordance with the law of the state where service was made, which, in this case, is North Carolina. North Carolina law provides that

> [i]f the plaintiff actually knows that a person under disability is under guardianship of any kind, process shall be served separately upon his guardian in any manner applicable and appropriate under this section (j). If the plaintiff does not actually know that a guardian has been appointed when service is made upon a person known to him to be incompetent to have charge of

9

> his affairs, then service of process must be made upon
> a guardian ad litem who has been appointed pursuant to
> Rule 17.

N.C. Gen. Stat. § 1A-1 Rule (4)(j)(2)(b).

There is a factual dispute over whether Defendant was incompetent <u>at the time of service</u>. In light of the prima facie showing of valid service of process that Plaintiff has made through its submissions, the Court notes that Defendant now has the burden of establishing "by strong and convincing evidence" that he was not properly served with process. <u>Homer</u>, 415 F.3d at 752. In support of his argument, Defendant provided the Court with (1) an affidavit from counsel attesting to the fact that Defendant "resides at the North Carolina State Veterans nursing home and suffers from dementia or other cognitive disorder, has poor eyesight and is unable to take care of himself" based on statements by Mrs. Mills and limited conversations with the representative of Defendant's insurance company and (2) a copy of a durable power of attorney in favor of Mrs. Mills signed by Defendant. Def.'s Ex. 1, ECF No. 15-1. Neither of these is sufficient to prove Defendant was incompetent to personally receive service of process at the time of service. The Court has not been provided with any documentation of dementia or other cognitive disorder or any additional details about the severity and impact of such cognitive disorder. Further, Defendant has not provided the Court with any evidence of a legal declaration of incompetency, an appointed

guardian, or an attempt to obtain either. Additionally, Defendant presumably had to be competent in order to sign a power of attorney, see O'Neal v. O'Neal, 803 S.E.2d 184, 189 (N.C. Ct. App. 2017); thus, the power of attorney is insufficient evidence of incompetency.

However, Defendant has informed the Court that Defendant's insurance company repeatedly attempted to obtain additional proof from Defendant, Defendant's social worker, case manager, and medical providers at the nursing home, and from Mrs. Mills, but it has not received any response. Def.'s Memo 3. Because the Court is concerned with the equities of enforcing the judgment against Defendant, who may be incompetent, the Court will allow Defendant the opportunity to supplement the record with additional evidence, such as affidavits or medical documentation. Defendant is **DIRECTED** to provide the Court with a status report within **sixty (60) days** of the date of this Memorandum Opinion. The Court will **TAKE UNDER ADVISEMENT** Defendant's Rule 60(b)(4) motion pending the submission of the status report.

### B. Rules 60(b)(1) and 60(b)(6)

Defendant also argues, in the alternative, that the default judgment should be vacated pursuant to Rule 60(b)(1), because the Court made a mistake in finding that service was proper, or 60(b)(6), because exceptional circumstances exist that warrant vacating the judgment. The Court will also **TAKE UNDER ADVISEMENT**

Defendant's motion on these alternative grounds pending the resolution of Defendant's Rule 60(b)(4) motion.

## IV. CONCLUSION

For the reasons stated above, the Court **TAKES UNDER ADVISEMENT** Defendant's motion to set aside default judgment pending the filing of the status report. The Court **DIRECTS** Defendant to file a status report within **sixty (60) days** of the date of this Memorandum Opinion. If Defendant fails to do so, the Court will resolve the motion on the papers currently before it.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Mark S. Davis
Chief United States District Judge

August 8, 2019
Norfolk, Virginia